DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Michael J. Carswell appeals from the denial of his motion challenging a sentence imposed by the Lorain County Court of Common Pleas. This Court affirms.
On February 21, 1996, Carswell was indicted for robbery, a violation of R.C. 2911.02(A), and theft, a violation of R.C.2913.02(A)(1). He subsequently pled guilty to both charges. On May 16, 1997, Carswell was sentenced to three to fifteen years on the charge of robbery; no sentence was imposed for the theft charge, as it was held to be an allied offense of similar import.
Thereafter, on January 5, 1998, Carswell filed a motion seeking to "correct" his sentence to comply with Am.Sub.S.B. No. 2 ("S.B. 2"). The court of common pleas denied the motion, finding that "S.B. 2 specifically provides that its provisions are not to be applied to crimes committed prior to July 1, 1996." Carswell appealed to this Court on January 29, 1998, then sought leave from the court of common pleas to file a motion for relief of sentence that contained the same basis found in his earlier motion. That court denied this second motion on February 23, 1998, stating that Carswell "has previously filed this motion with [the court of common pleas], said motion was denied, and the denial is the subject of the pending appeal." Carswell's appeal was then dismissed by this Court following his failure to respond to court order. On March 17, 1998, Carswell filed the instant appeal, which challenges the trial court's February 23, 1998 denial of his second motion attacking his 1997 sentencing.
This Court need not address the underlying merits of Carswell's arguments concerning the applicability and constitutionality of S.B. 2. Although Carswell labeled both of his challenges to his sentence as motions, they were in truth petitions for postconviction relief. The Supreme Court of Ohio has held:
 Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.
State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus; see, also,State v. Ferguson (July 15, 1998), Lorain App. No. 97CA006976, unreported (applying Reynolds holding to S.B. 2 challenge to sentence). Carswell's second motion was therefore a second petition for postconviction relief.
Carswell has failed to satisfy the criteria set forth by R.C.2953.23(A) for second or successive postconviction relief petitions.[1] Although Carswell claims that he was unavoidably prevented from discovering the facts upon which he relies — namely, S.B. 2 — he has not even attempted to show by clear and convincing evidence that, but for the alleged constitutional error, a reasonable factfinder would have found him innocent of the charges to which he pled guilty. Therefore, the trial court was not even required to address the merits of Carswell's claims in denying the petition. See State v. Coots (Dec. 24, 1997), Wayne App. No. 96CA0095, unreported.
Carswell has failed to satisfy the statutory requirements for second or successive petitions for postconviction relief. The decision of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ________________________________ DONNA J. CARR, FOR THE COURT
BAIRD, P. J.
MAHONEY, J., CONCUR
(Mahoney, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
[1] R.C. 2953.23(A) provides:
 Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.